## SCHMIDT v CITY ICE AND FUEL CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5323. Decided January 10, 1938

Lawrence R. Schwartz, Cincinnati. for appellee.

Marble & Vordenberg. Cincinnati, for appellant.

## OPINION

By ROSS, PJ,

Appeal on questions of law from the court of Common Pleas of Hamilton county.

The truck of the appellant and the automobile of the appellee collided at the intersection of Liberty and Central Parkway in the City of Cincinnati on June 27th, 1935, at about 4:45, P. M.

A guest rider in the automobile was injured and instituted the present action against the appellant, owner of the truck.

The evidence was conflicting as to whether either or both drivers of the vehicles involved entered the intersection upon a green or "go" light.

This intersection, (and it is an intersection of two streets within the meaning of both municipal and state laws) is similar to many in the City of Cincinnati. Central Parkway is divided into two lanes of traffic by a strip of park running along the center of the boulevard. The traffic lights are the same as for any ordinary street intersection, being located at the four corners of the intersection. The ordinary rules, therefore, applicable to any street intersection equipped with traffic lights are applicable

and are unchanged by the presence of the strip of park running along the center of the boulevard. The park strip terminated at Liberty Street. There is a small circular safety platform directly opposite the park strip on the north side of Liberty Street.

We find no difficulty in holding adversely to the claims of the appellant upon the assignments of error involving the weight of the evidence and excessive recovery.

A number of special instructions offered by appellant were refused. If these stated correct principles of law, applicable to the facts in the case, and were not in any way mere iteration of other special charges the court was required to give them, and its refusal so to do constituted error prejudicial to the rights of the appellant, requiring a reversal of the pudgment of the trial court. **Washington Fidelity National Ins. Co. v Herbert. 125 Oh St 591. Hunter v Brumby, 131 Oh St 443.**

Special charge No. 2, refused by the trial court and proposed by appellant is as follows:

"The Court instructs you that should you find that defendant's driver entered the intersection at Liberty and Central Parkway with a 'go' or green traffic light in his favor, that although the traffic light may have changed while so proceeding, that nevertheless said driver had the right to continue through said intersection without stopping, subject only that he was required to exercise ordinary care not to injure anyone who might then be in or thereafter enter such intersection."

There was no suggestion in the evidence that the slowly moving electric truck of the appellant, governed down as it was to 15 miles an hour was proceeding in any unlawful manner at the time it entered the intersection, with the sole exception involving the condition of the traffic lights.

Were such not the case or were there any evidence justifying a conclusion that the truck was proceeding in an unlawful manner at the time it entered the intersection, it would be our conclusion that any charge omitting such requirement would be defective.

Under the rule laid down in **Morris v Bloomgreen, 127 Oh St 147,** right of way is extended only to the vehicles proceeding in lawful manner. As the entrance to an

intersection is merely an imaginary line, it is inconceivable that one might be proceeding in an unlawful manner just before crossing the line and be proceeding in a lawful manner a split second after crossing the line. Where there is, therefore, any evidence indicating improper procedure just at the time of entering the intersection, any charge or special instruction must incorporate a requirement that at the time of so entering, the vehicle must be found to be proceeding in a lawful manner. Where, as in the instant case there is no evidence indicating other than lawful procedure, such requirement is inappli̇cable to the facts.

We, therefore, consider that the court in view of the evidence in this case erred in failing to give such special charge No. 2.

Special charge No. 4 is as follows:

"The Court instructs you that an intersection is the area embraced within the prolongation of the lateral boundary lines of two streets or highways which join one another."

This charge was refused. The use of the word "join" prevents the charge from stating a correct definition. The court committed no error in failing to give the same.

Special charge No. 5, is as follows:

"The Court instructs you that where the traffic lanes over which traffic moves in opposite directions on a street, is separated by a center strip of grass or parkway adjacent to an intersection, and should you find the movement of vehicles crossing said street in a given direction at an intersection is controlled by but one traffic light at the far side of such street, that notwithstanding such center parkway such crossing is to be considered as but one intersection."

This is also a correct statement of law and should have been given.

Special charge No. 6 states:

"The Court instructs you that where the driver of a vehicle in proceeding through an intersection across a street on which the north and south lanes of traffic are separated by a center strip of grass or parkway, enters the intersection with a 'go' or green light in his favor, he has the right to continue through in a lawful manner, and if while thus proceeding through such intersection the light changes when he is opposite such parkway, he is not reqiured to come to a stop opposite such parkway merely because of the existence of such parkway."

This, subject to what we have said as to Charge No. 2, also states a correct principle and should have been given.

Special Charge No. 7 is as follows:

"The Court says to you that when the 'go' signal changes before a person who has entered the intersection with such signal in his favor has an opportunity to emerge from such intersection, and a person from a cross street has entered such intersection with a 'go' signal in his favor, neither is wrongfully there, and their rights are equal, subject to the qualification that, for his own and the safety of the other, each must regulate his conduct with reference to his own and such other person's ability, or lack of ability, to stop or deviate from his course."

This charge would be correct except that the conduct of the driver obtaining the right of way is limited to stopping. There are other species of negligence besides failure to stop. The charge should have required the continued use of ordinary care and lawful conduct in order to entitle the driver to a continuance of his claim to right of way. Such privilege may be lost at any moment when the possessor ceases to proceed in a lawful manner whether at the time of entering the intersection or anywhere therein.

For the errors noted, we consider the appellant has suffered such prejudice as to require a reversal of tne judgment. We so conclude and remand the case for a new trial.

HAMILTON & MATTHEWS, JJ. concur.